IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON K. GRIFFIN                                                                                       PLAINTIFF

VS.                                              CIVIL NO. 05-5068

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sharon Griffin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claims for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI"), under the provisions of Titles II and XVI of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on December 10, 2002, alleging an amended onset date of May 15, 2002,[1] due to chronic gastrointestinal disorders, chronic colitis, chronic disorders of the urinary tract, mood disorders, and nerve pain. (Tr. 63, 123, 371). An administrative hearing was held on May 4, 2004. (Tr. 379). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-two years old and possessed a high school education with two years of college. (Tr. 13). Her past work consisted of work as a cashier, waitress, manager, daycare worker, and secretary. (Tr. 13).

---

[1] Plaintiff filed previous applications for benefits in October 2001. (Tr. 25, 27, 60-62). Both claims were denied on May 15, 2002, on reconsideration, and plaintiff failed to pursue them further. (Tr. 23-25, 31-39).

On November 1, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff's impairments were severe impairments. However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 18). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity (hereinafter "RFC"), to perform a full range of light work. As her PRW as a cashier did not require the performance of work-related activities precluded by her RFC, the ALJ determined that plaintiff was not disabled. (Tr. 18).

On August 20, 2004, the Appeals Council declined to review this decision. (Tr. 3-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of

2

those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. After reviewing the entire record, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in making his RFC determination, relied on RFC assessment and general physical examination completed by a non-examining medical consultant and a one time consultative examiner. We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

In the present case, the relevant medical evidence indicates that plaintiff has suffered from chronic and ongoing urinary tract infections ("UTI") since February 2002. (Tr. 270-336). Symptoms of a UTI include back pain, abdominal pain, blood in the urine, cloudy urine, inability to urinate despite the urge, fever, frequent need to urinate, general discomfort, and painful urination. Since these symptoms are of the type that could interfere with a person's ability to perform at a constant and consistent pace, concentrate on their work, and report to work on a daily basis, we believe that the matter should be remanded.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision

can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). He should also ask her physicians questions that will assist him in determining what impact, if any, plaintiff's chronic UTI's would have on her ability to maintain attendance, concentration, and pace.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE